UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ISMAIL J UNLU, et al.<br><br>         Plaintiffs,<br>   v.<br><br>WELLS FARGO BANK NA, et al.<br><br>         Defendants. | Case No.: 5:10-CV-5422 EJD<br><br>**ORDER: (1) GRANTING DEFENDANTS' MOTION TO DISMISS WITHOUT LEAVE TO AMEND; AND (2) GRANTING DEFENDANT'S EX PARTE MOTION TO EXPUNGE *LIS PENDENS* AND REQUEST FOR ATTORNEYS' FEES**<br><br>**(Re: Docket Nos. 26, 37, 42)** |

Presently before the court are two matters: (1) a Motion to Dismiss filed by Defendant Wachovia Mortgage, a division of Wells Fargo Bank, N.A., f/k/a Wachovia Mortgage, FSB ("Wachovia"), joined by Defendant NDeX West, LLC ("NDeX") (collectively, "Defendants"), see Docket Item No. 26; and (2) Defendant Wachovia's Ex Parte Motion to Expunge *Lis Pendens*. See Docket Item No. 42.

After reviewing the complaint as well as the moving, responding and reply papers for each motion, and hearing the oral arguments presented by the parties, the court GRANTS Defendants' Motion to Dismiss without leave to amend, and GRANTS Wachovia's Motion to Expunge *Lis Pendens*.

///

///

1

Case No.: 5:10-CV-5422 EJD
ORDER: (1) GRANTING DEFENDANTS' MOTION TO DISMISS WITHOUT LEAVE TO AMEND; AND (2) GRANTING DEFENDANT'S EX PARTE MOTION TO EXPUNGE *LIS PENDENS* AND REQUEST FOR ATTORNEYS' FEES

## I. FACTUAL AND PROCEDURAL BACKGROUND

In June 2007, Plaintiffs Ismail J. Unlu and Meral U. Unlu ("Plaintiffs") obtained a loan of $1,950,000, which was secured by their home in Los Altos Hills, California (the "Loan"). See Complaint, Docket Item No. 1, ¶¶5-8; see also Wachovia's Request for Judicial Notice ("RJN") Request for Judicial Notice, Exhs. A & B.[1] Plaintiffs obtained their loan from World Savings Bank, FSB ("World Savings").

World Savings was chartered as a federal savings bank and renamed as Wachovia Mortgage, FSB effective January 1, 2008. RJN, Exhs. C & D. Wachovia Mortgage, FSB was also a federal savings bank subject to the Home Owner's Loan Act ("HOLA") and was merged into Wells Fargo Bank, N.A. in November 2009 and is now known as "Wachovia Mortgage, a Division of Wells Fargo Bank, N.A." RJN, Exhs. E & F.

Plaintiffs defaulted on their mortgage payments. Docket Item No. 37 at 1. A Notice of Default was recorded on July 15, 2010. RJN, Exh. G. On August 13, 2010, a Substitution of Trustee was recorded, which substituted NDeX West, LLC for Golden West Savings Association Service Co. as the trustee. RJN, Exh. H. The Substitution of Trustee included an Affidavit of Mailing. Id. On October 18, 2010, a Notice of Trustee's sale was recorded. RJN, Exh. I.

Plaintiffs filed two ex parte applications seeking temporary restraining orders, preliminary injunctions and permanent injunctions enjoining the sale. Docket Item No. 37 at 1. Wachovia voluntarily postponed the sale twice and the court denied both ex parte applications. Id. The property was sold on January 20, 2011 and a Trustee's Deed Upon Sale was recorded on January 28, 2011. RJN, Exh. J.

Plaintiffs filed the Complaint underlying this action against Wachovia in Santa Clara County Superior Court on November 4, 2010. See Docket Item No. 1. Plaintiffs allege that

---

[1] Wachovia's RJN (Docket Item No. 27) is GRANTED in its entirety since Exhibits A through J are judicially noticeable as "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); Hite v. Wachovia Mortg., No. 2:09-cv-02884-GEB-GGH, 2010 U.S. Dist. LEXIS 57732, at *6-9 (E.D. Cal. June 10, 2010); Gens v. Wachovia Mortg. Corp., No. CV10-01073 JF (HRL), 2010 WL 1924777, 2010 U.S. Dist. LEXIS 54932, at *6-7 (N.D. Cal. May 12, 2010).

2
Case No.: 5:10-CV-5422 EJD
ORDER: (1) GRANTING DEFENDANTS' MOTION TO DISMISS WITHOUT LEAVE TO AMEND; AND (2) GRANTING DEFENDANT'S EX PARTE MOTION TO EXPUNGE *LIS PENDENS* AND REQUEST FOR ATTORNEYS' FEES

Wachovia wrongfully and negligently placed them into a loan that they could not afford, failed to apprise them of loan modification programs, failed to qualify them for a loan modification program and that the Notice of Default was recorded by an entity that was not authorized to do so. On this basis, Plaintiffs assert claims for relief for: (1) declaratory relief; (2) injunction; (3) accounting; (4) breach of covenant of good faith and fair dealing; (5) breach of contract; (6) fraud; (7) unfair business practices act – violation of Business & Professions Code § 17500; (8) unfair competition law – violation of Business &Professions Code § 17200; (9) wrongful foreclosure; and (1) violation of Civil Code §§ 2923.5 – 2923.56. Id.

Wachovia properly removed this action on November 30, 2010. Id. The court has jurisdiction of this case under 28 U.S.C. § 1332 because the citizenship of the parties is entirely diverse and the amount in controversy exceeds $75,000.

On February 28, 2011, Wachovia filed the instant Motion to Dismiss Plaintiffs' Complaint. Docket Item Nos. 26. NDeX joined in Wachovia's motion on September 29, 2011. Docket Item No. 37. Before the hearing on the motion to dismiss, Wachovia filed an Ex Parte Application to Expunge *Lis Pendens* (Docket Item No. 42), which Plaintiffs opposed. See Docket Item Nos. 45. Following the hearing, the court requested supplemental briefing on the Ex Parte Application to Expunge *Lis Pendens*, and the parties provided the same. See Docket Item Nos. 49, 50.

## II. THE MOTION TO DISMISS

### A. Legal Standard

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir.

3

Case No.: 5:10-CV-5422 EJD
ORDER: (1) GRANTING DEFENDANTS' MOTION TO DISMISS WITHOUT LEAVE TO AMEND; AND (2) GRANTING DEFENDANT'S EX PARTE MOTION TO EXPUNGE *LIS PENDENS* AND REQUEST FOR ATTORNEYS' FEES

2008). Moreover, the factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." Twombly, 550 U.S. at 556-57. When deciding whether to grant a motion to dismiss, the court generally "may not consider any material beyond the pleadings." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). The court must accept as true all "well-pleaded factual allegations." Ashcroft v. Iqbal, --- U.S. ----, 129 S.Ct. 1937, 1950 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). "[M]aterial which is properly submitted as part of the complaint may be considered." Twombly, 550 U.S. at 555. But "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Id.

Additionally, fraud-based claims are subject to heightened pleading requirements under Federal Rule of Civil Procedure 9(b). In that regard, a plaintiff alleging fraud "must state with particularity the circumstances constituting fraud." Fed. R. Civ. Proc. 9(b). The allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985). To that end, the allegations must contain "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007).

**B.     Discussion**

### 1. Preemption of Plaintiffs' State Law Claims

Aside from arguments under Rule 12(b)(6), Defendants argue Plaintiffs' ten state law claims are preempted by the Home Owners' Loan Act ("HOLA"). The court agrees.

Federal preemption of state laws stems from the Supremacy Clause of the Constitution. United States v. Arizona, 641 F.3d 339, 344 (9th Cir. 2011). "[T]he laws of the United States...shall be the supreme law of the land . . . any Thing in the Constitution or laws of any state to the contrary notwithstanding." U.S. Const. art. VI, cl. 2.

4

Case No.: 5:10-CV-5422 EJD
ORDER: (1) GRANTING DEFENDANTS' MOTION TO DISMISS WITHOUT LEAVE TO AMEND; AND (2) GRANTING DEFENDANT'S EX PARTE MOTION TO EXPUNGE *LIS PENDENS* AND REQUEST FOR ATTORNEYS' FEES

Generally, "[p]reemption analysis 'start[s] with the assumption that the historic police powers of the States were not to be superseded by the Federal Act unless that was the clear and manifest purpose of Congress.'" City of Columbus v. Ours Garage & Wrecking Service, Inc., 536 U.S. 424, 438 (2002) (quoting Medtronic, Inc. v. Lohr, 518 U.S. 470, 485 (1996)). Congressional intent is therefore the "ultimate touchstone" of preemption inquiry. Medtronic, 518 U.S. at 485. Such intent may be "explicitly stated in the statute's language or implicitly contained in its structure and purpose." Fidelity Federal Sav. & Loan Ass'n v. de la Cuesta, 458 U.S. 141, 152-53 (1982). State law may also be preempted by federal regulations. Id. at 153. "Where Congress has directed an administrator to exercise his discretion, his judgments are subject to judicial review only to determine whether he has exceeded his statutory authority or acted arbitrarily." Id. If these conditions are met, "the statutorily authorized regulations of an agency will pre-empt any state or local law that conflicts with such regulations or frustrates the purposes thereof." New York v. Fed. Commc'ns Comm'n, 486 U.S. 57, 64 (1988).

There are times when the traditional presumption against preemption does not apply. Indeed, the presumption is "not triggered when the State regulates in an area where there has been a history of significant federal presence." United States v. Locke, 529 U.S. 89, 108 (2000). As relevant here, "Congress has legislated in the field of banking from the days of McCulloch v. Maryland, 17 U.S. 316, 325-26, 426-27, 4 L. Ed. 579 (1819), creating an extensive federal statutory and regulatory scheme." Bank of Am. v. City & County of San Francisco, 309 F.3d 551, 558 (9th Cir. 2002). HOLA was enacted "to charter savings associations under federal law, at a time when record numbers of home loans were in default and a staggering number of state-chartered savings associations were insolvent." Silvas v. E*Trade Mortg. Corp., 514 F.3d 1001, 1004 (9th Cir. 2008). One of HOLA's central purposes was to restore public confidence in the banking system by consolidating the regulation of savings and loan associations with the federal government. Id. To achieve this purpose, Congress authorized the Office of Thrift Supervision ("OTS") to promulgate regulations governing federal savings associations. 12 U.S.C. § 1464;

5
Case No.: 5:10-CV-5422 EJD
ORDER: (1) GRANTING DEFENDANTS' MOTION TO DISMISS WITHOUT LEAVE TO AMEND; AND (2) GRANTING DEFENDANT'S EX PARTE MOTION TO EXPUNGE *LIS PENDENS* AND REQUEST FOR ATTORNEYS' FEES

Silvas, 514 F.3d at 1005. OTS occupies the entire field in that regard. 12 C.F.R. § 560.2(a) (2011).[3]

HOLA's implementing regulations set forth a list, "without limitation," of the categories of state laws that are expressly preempted:

> The terms of credit, including amortization of loans and the deferral and capitalization of interest and adjustments to the interest rate, balance, payments due, or term to maturity of the loan, including the circumstances under which a loan may be called due and payable upon the passage of time or a specified event external to the loan;
> ....
> Loan-related fees, including without limitation, initial charges, late charges, prepayment penalties, servicing fees, and overlimit fees;
> ....
> Disclosure and advertising, including laws requiring specific statements, information, or other content to be included in credit application forms, credit solicitations, billing statements, credit contracts, or other credit-related documents and laws requiring creditors to supply copies of credit reports to borrowers or applicants;
> ....
> Processing, origination, servicing, sale or purchase of, or investment or participation in, mortgages....

12 C.F.R. § 560.2(b)(4)-(5), (b)(9)-(10) (2011).

Although HOLA and its related regulations have been described as "so pervasive as to leave no room for state regulatory control," state laws may nonetheless survive a preemption claim in limited circumstances. Conference of Fed. Sav. & Loan Ass'ns v. Stein, 604 F.2d 1256, 1260

---

[3] As previously noted, Plaintiffs obtained their loan from World Savings Bank, FSB. See Complaint, at ¶ 7; see also RJN, at Exs. A, B. At that time, World Savings Bank was "chartered under the laws of the United States to transact the business of a Federal savings bank." See RJN, at Ex. C. The name of World Savings Bank was changed to Wachovia Mortgage effective December 31, 2007, and was subsequently acquired by a national banking association, namely Wells Fargo Bank, N.A. See id., at Exs. D, F. Under these circumstances, district courts have held that HOLA preemption applies to all conduct relating to the acquired loan. DeLeon v. Wells Fargo Bank, N.A., 729 F. Supp. 2d 1119, 1126 (N.D. Cal. 2010); Haggarty v. Wells Fargo Bank, N.A., No. C 10-02416 CRB, 2011 WL 445183, 2011 U.S. Dist. LEXIS 9962, at *10-11 (N.D. Cal. Feb. 2, 2011); Guerrero v. Wells Fargo Bank, N.A., No. CV 10-5095-VBF(AJWx), 2010 U.S. Dist. LEXIS 96261, at *8-9 (C.D. Cal. Sep. 14, 2010); Zlotnik v. U.S. Bancorp, No. C 09-3855 PJH, 2009 WL 5178030, 2009 U.S. Dist. LEXIS 119857, at *17-19 (N.D. Cal. Dec. 22, 2009).

(9th Cir. 1979), aff'd, 445 U.S. 921.  Those state laws which "only *incidentally affect* the lending operations of Federal savings associations or are otherwise consistent with the purposes of" the regulations may not be preempted.  12 C.F.R. § 560.2(c) (emphasis added).  In order to determine whether a particular state law has such an effect, the Ninth Circuit has provided the following process:

> When analyzing the status of state laws under § 560.2, the first step will be to determine whether the type of law in question is listed in paragraph (b).  If so, the analysis will end there; the law is preempted.  If the law is not covered by paragraph (b), the next question is whether the law affects lending.  If it does, then, in accordance with paragraph (a), the presumption arises that the law is preempted. This presumption can be reversed only if the law can clearly be shown to fit within the confines of paragraph (c).  For these purposes, paragraph (c) is intended to be interpreted narrowly.  Any doubt should be resolved in favor of preemption.

Silvas, 514 F.3d at 1005 (quoting OTS, Final Rule, 61 Fed. Reg. 50951, 50966-67 (Sep. 30, 1996)).

Here, Plaintiffs seek declaratory relief, an injunction, and an accounting (Claims 1-3). They also claim breach of covenant of good faith and fair dealing (Claim 4), breach of contract (Claim 5), fraud (Claim 6), violation of California Business and Professions Code § 17500 *et. seq.* (Claim 7), violation of California Business and Professions Code § 17200 *et. seq.* (Claim 8), wrongful foreclosure (Claim 9) and violation of California Civil Code § 2923.5-2923.56 (Claim 10).  Each of these claims, which are based entirely on the origination, processing and servicing of Plaintiffs' mortgage loan, are preempted by HOLA.

### A. Challenges to Wachovia's Underwriting (Claims 3, 4 and 5)

Plaintiffs' claims for an accounting, breach of contract, and breach of implied covenant of good faith and fair dealing are all based on allegations that Wachovia gave them a loan for which they are not qualified.  Complaint at ¶¶ 10, 30.  Such claims are directed toward Wachovia's underwriting and loan origination procedures, and accordingly are preempted.  For example, Plaintiffs' third cause of action for an accounting challenges WFB's disclosure, as well as its servicing practices, by alleging that Plaintiffs cannot ascertain the true amount owed on the note

7

without an accounting. This claim is preempted by HOLA. Flowers v. Wells Fargo Bank, N.A., No. 11-CV-1315 PJH, 2011 WL 2748650, *5.

Plaintiffs' fourth cause of action alleges that Defendants breached the covenant of good faith and fair dealing by "knowingly or negligently placing Plaintiffs into a loan that they could not afford." Id. at ¶ 38. These allegations fall within the "terms of credit" provision of § 560.2(b)(4), the "loan related fees [and] charges provision of § 560.2(b)(5), and the "processing [and] servicing" provision of § 560.2(b)(10). See Garcia v. Wachovia Mortg. Corp., 676 F. Supp. 2d 895, 913 (C.D. Cal. Oct. 14, 2009) ("To the extent Plaintiff makes claims relating to inability to qualify for the loan she was given, these are preempted by 12 C.F.R. § 560.2(b)(10)"). Thus, the fourth claim is preempted.

Plaintiffs' fifth claim for breach of contract alleges that Defendants "failed to abide by the schedule described in the loan." Id., at ¶ 43. Plaintiffs allege that Defendants "further breached the implied covenant of good faith and fair dealing by offering and qualifying Plaintiffs for a loan that they should not have qualified for, and thereafter y [sic] enforcing the terms of that loan which they [sic] should not have been provided to them." Id. Additionally, Plaintiffs contend that Defendants "fail[ed] to exercise discretion properly when enforcing the terms of the contract and violated good faith and fair dealing in setting charges," id., and failed to provide new financing or restructure the terms of the existing loan. Id., at ¶ 45. Much like those that comprise the implied covenant claim, these allegations are preempted by subsections (b)(4), (b)(5) and (b)(10) of § 560.2.

### B. Fraud Claim (Claim 6)

Plaintiffs allege that Wachovia committed fraud by placing them in a loan they could not afford without adequately disclosing the true nature of the loan (i.e., terms included, negative amortization). Complaint at ¶ 50. The alleged fraud concerns "terms of credit" and loan "origination" and thus are preempted. See Cosio v. Simental, No. 08-CV-6853 PSG (PLAx), 2009 U.S. Dist. LEXIS 8385, *13-15 (C.D. Cal. Jan. 27, 2009); Naulty v. Greenpoint Mortgage Funding, Inc., Nos. 09-CV-1542 and 09-CV-1545 MHP, 2009 U.S. Dist. LEXIS 79250, *14 (N.D. Cal. Sept.

8

Case No.: 5:10-CV-5422 EJD
ORDER: (1) GRANTING DEFENDANTS' MOTION TO DISMISS WITHOUT LEAVE TO AMEND; AND (2) GRANTING DEFENDANT'S EX PARTE MOTION TO EXPUNGE *LIS PENDENS* AND REQUEST FOR ATTORNEYS' FEES

2, 2009). See, e.g., Amaral v. Wachovia Mortgage Corp., No. CV 09-00937-OWW-GWA, 2010 U.S. Dist. LEXIS 22163, *30-31 (E.D. Cal. Feb. 17, 2010).

### C. Violation of Business and Professions Code §§ 17200 and 17500 and Wrongful Foreclosure (Claims 7, 8 and 9)

Plaintiffs' seventh and eighth claims are based on California's Unfair Competition Act ("UCA"), and include Business and Professions Code §§ 17200 *et. seq.* (Unfair Competition Law) and 17500 *et. seq.* (False Advertising Law). As a basis for these claims, Plaintiffs allege that Defendants made a series of untrue and misleading statements. In particular, Plaintiffs allege that Defendants: (i) failed to advise Plaintiffs properly as to the true nature and terms of the loan; (ii) placed Plaintiffs into an inequitable loan and abused the value of Plaintiffs' stated income to qualify them for a loan that they could not truly afford; (iii) failed to meet the standard for veterans loans; (iv) wrongfully charged a prepayment penalty if Plaintiffs chose to pay off the loan early; (v) set Plaintiffs up to default on the loan; (vi) failed to apprise Plaintiffs of loan modification programs and did not offer a satisfactory modification program in violation of § 2923.6, and/or failed to provide information to access those programs in good faith; (vii) failed to follow the payment schedule according to the terms in the deed of trust and instead charged in excess of what was owed; (viii) wrongfully disqualified Plaintiffs for the Home Affordable Programs and failed to review Plaintiffs' loan in good faith, and/or failed to provide a means of obtaining information on the specific reasons why Plaintiffs could not qualify for HAMP; (ix) failed to provide information and access to 'sale information'; (x) failed to use good faith efforts to help Plaintiffs keep their home; and (xi) Defendant NDeX failed to comply with the requirements of § 2923.5. See Complaint, at ¶ 53-61.

UCA claims[4] may be preempted if, as applied, it is a type of state law contemplated by 12 C.F.R. § 560.2(b). Silvas, 514 F.3d at 1006. "If it is, the preemption analysis ends." Id. Here,

---

[4] Section 17500 of the FAL forbids "untrue or misleading" advertising in connection with the disposition of real or personal property or services. This prohibition is very similar to the UCL's definition of "unfair competition" in §17200 as "unfair, deceptive, untrue or misleading advertising." Alleged violations of the two statutes are generally pled and litigated as a single cause of action, and California courts often do not distinguish between the two. See, e.g., Park v.

9
Case No.: 5:10-CV-5422 EJD
ORDER: (1) GRANTING DEFENDANTS' MOTION TO DISMISS WITHOUT LEAVE TO AMEND; AND (2) GRANTING DEFENDANT'S EX PARTE MOTION TO EXPUNGE *LIS PENDENS* AND REQUEST FOR ATTORNEYS' FEES

Plaintiffs' UCA allegations clearly fall under § 560.2's preemptive provisions for "processing, origination, sale or purchase of . . . mortgages," "disclosure," "advertising" or "terms of credit." See Stefan v. Wachovia, No. C 09-2252 SBA, 2009 WL 4730904, 2009 U.S. Dist. LEXIS 113480, at *8-10 (N.D. Cal. Dec. 7, 2009); see also Guerrero, 2010 U.S. Dist. LEXIS 96261, at *8-10; Poco v. Wachovia Mortg. Corp., No. 11-02269 EDL, 2011 WL 2633298, 2011 U.S. Dist. LEXIS 71655, at *16-17 (N.D. Cal. July 5, 2011). Therefore, HOLA preempts Plaintiffs UCA claims.

As noted above, Plaintiffs "wrongful foreclosure" cause of action raises allegations that are identical to the UCA claims, adding only that "Defendants have wrongfully sought foreclosure proceedings." Complaint at ¶ 58. Accordingly, Plaintiffs' wrongful foreclosure claims are also preempted by HOLA.

### D. Violation of Civil Code §§ 2923.5 – 2523.56 (Claim 10)

Regarding the tenth claim under § 2923.5, "the overwhelming weight of authority has held that a claim under section 2923.5 is preempted by HOLA." Taguinod v. World Savings Bank, 755 F. Supp. 2d 1064, 1074 (C.D. Cal. 2010); see also, e.g., Nguyen v. Wells Fargo Bank, N.A., 749 F. Supp. 2d 1022, 1033 (N.D. Cal. 2010); Sato v. Wachovia Mortg., FSB, No. 5:11-cv-00810 EJD (PSG), 2011 WL 2784567, 2011 U.S. Dist. LEXIS 75418, at *16-18 (N.D. Cal. July 13, 2011); Beall v. Quality Loan Serv., No. 10-CV-1900-IEG (WVG), 2011 WL 1044148, 2011 U.S. Dist. LEXIS 29184, at *21-23 (C.D. Cal. Mar. 21, 2011). This is because the notice requirement imposed by § 2923.5 "implicates HOLA's express preemption of state laws regulating the 'processing' and 'servicing'" of mortgages. DeLeon, 729 F. Supp. 2d at 1127. Plaintiffs' claim, which alleges a failure by Defendants to comply with the statute's notice provisions, falls squarely within these same provisions and is therefore preempted.[5]

///

---

Cytodyne Technologies, Inc., 2003 WL 21283814, at *1 (Cal.Super. May 30, 2003); Day v. AT & T Corp. 63 Cal.App.4th 325, 331-32 (1998).

[5] Although one California appellate court has found that § 2923.5 is not subject to HOLA preemption, this court is not persuaded by that determination. See Mabry v. Sup. Ct., 185 Cal. App. 4th 208, 226-32, 110 Cal. Rptr. 3d 201 (2010). The Mabry court held that since the term "foreclosure" does not explicitly appear in 12 C.F.R. § 560.2(b), state statutes that can be read to regulate only the foreclosure process, like § 2923.5, are not preempted by HOLA. Id. at 231. This

10

Case No.: 5:10-CV-5422 EJD
ORDER: (1) GRANTING DEFENDANTS' MOTION TO DISMISS WITHOUT LEAVE TO AMEND; AND (2) GRANTING DEFENDANT'S EX PARTE MOTION TO EXPUNGE *LIS PENDENS* AND REQUEST FOR ATTORNEYS' FEES

E. <u>Declaratory Relief and Injunction (Claims 1 and 2)</u>

Plaintiffs' claims for declaratory relief or an injunction are clearly within the bounds of HOLA as discussed in detail above. Because Claims One and Two are based entirely on the origination, processing and servicing of Plaintiffs' mortgage loan procedures, they are likewise preempted and must be dismissed.

Since all of Plaintiffs' claims are preempted, the court need not reach Defendants' alternative arguments for dismissal.

## 2. **Leave to Amend will not be Allowed**

Generally, leave to amend should be freely allowed "unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." <u>Schreiber Distrib. Co. v. Serv–Well Furniture Co.</u>, 806 F.2d 1393, 1401 (9th Cir. 1986). Where amendment to the complaint would be futile, the court may order dismissal with prejudice. <u>Dumas v. Kipp</u>, 90 F.3d 386, 393 (9th Cir. 1996). Such is the case here. It is clear that all ten claims are preempted under HOLA. Plaintiffs even admit that "the issues raised by the original complaint are voluminous and over encompassing," but argue that their new counsel will amend the complaint and narrow the issues based on wrongful foreclosure, fraud, and temporary injunctive relief. <u>See</u> Plaintiffs' Opposition to Motion to Dismiss ("Opp'n to MTD"), Docket Item No. 40 at 7. At oral argument and in opposition to Defendants' Motion to Expunge *Lis Pendens*, <u>see</u> <u>infra</u>, Plaintiffs argued that: (i) Wachovia is not the holder in due course and cannot "prove that it is acting as the authorized agent of the Lender" and, (ii) the Substitution of Trustee was defective. <u>Id.</u> at 7-8, Exh. A. Based on this "securitization" theory, Plaintiffs contend they can draft an amended complaint that is not preempted by HOLA. Opp'n to MTD at 7; <u>see also</u> Docket Item No. 49, Exh. A (proposed "Amended Complaint").

As an initial matter, Plaintiffs cite no authority as to their claim that HOLA would be inapplicable if they were allowed leave to amend the complaint. The fact that Plaintiffs would

---

reasoning shortcuts the two step inquiry prescribed by the Ninth Circuit and is therefore incomplete. <u>See</u> <u>Silvas</u>, 514 F.3d at 1005; <u>see also</u> <u>Giordano v. Wachovia Mortg.</u>, FSB, 5:10-cv-04661-JF, 2010 WL 5148428, 2010 U.S. Dist. LEXIS 136284, at *11-14 (N.D. Cal. Dec. 14, 2010).

11
Case No.: 5:10-CV-5422 EJD
ORDER: (1) GRANTING DEFENDANTS' MOTION TO DISMISS WITHOUT LEAVE TO AMEND; AND (2) GRANTING DEFENDANT'S EX PARTE MOTION TO EXPUNGE *LIS PENDENS* AND REQUEST FOR ATTORNEYS' FEES

challenge the securitization of their mortgage would seem to fall squarely within § 560.2(b)(10)'s specific preemption of state claims that deal with "investment" in mortgages. See George Hague as Trustee of the Hague Family Irrevocable Trust et al v. Wells Fargo Bank, N.A. et al, No. 3:11-cv-02366-TEH, 2011 WL 6055759, at *5 (N.D. Cal. Dec. 6, 2011). Thus no broad interpretation of § 560.2(b)(10) would be at issue. Id. Furthermore, REMIC securitization (as Plaintiffs would allege) does not actually remove the property interest of the party assigning the note – the purchase of the note by entities which sell securities (i.e. securitization of the note) does not alter the Note. Id. (citing Wadhwa v. Aurora Loan Services, LLC. et. al., 2011 WL 2681483 at *4-5 (N.D. Cal. July 8, 2011)). Therefore, HOLA would preempt both of Plaintiffs proposed amendments to the Complaint.

Second, as a procedural matter, both of the allegations Plaintiffs propose to raise in the Amended Complaint were previously asserted as defenses in a state-court unlawful detainer ("UD") action after the property was sold at a trustee's sale. See Request for Judicial Notice in support of Defendant Wachovia's Reply in support of its Amended Motion to Dismiss ("Reply RJN"), Exhs. B, C, E.[6] In the UD action, the state court granted the motion for summary judgment of Wachovia's parent entity, Wells Fargo, and entered judgment for Wells Fargo. Reply RJN, Exh. F. Plaintiffs appealed the UD judgment, but their appeal was dismissed on September 12, 2011. Accordingly, the UD judgment is now final and, as a result, operates as res judicata on the allegations Plaintiffs now propose to raise regarding Wachovia's status as "holder in due course" and the alleged defective Substitution of Trustee. Reply RJN, Exhs. F, G; Vella v. Hudgins, 20 Cal. 3d 251, 256 (1977) (holding that "subsequent fraud or quiet title suits founded upon allegations of irregularity in a trustee's sale are barred by the prior unlawful detainer judgment").

"Insofar as Plaintiffs' proposed amended complaint would demand production of the note as proof of Wells Fargo's ownership interest, '[p]roduction of the original note is not required to

---

[6] Wachovia's Reply RJN (Docket Item No. 41-1) is GRANTED in its entirety since Exhibits A through G are judicially noticeable as "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); Hite v. Wachovia Mortg., No. 2:09-cv-02884-GEB-GGH, 2010 U.S. Dist. LEXIS 57732, at *6-9 (E.D. Cal. June 10, 2010); Gens v. Wachovia Mortg. Corp., No. CV10-01073 JF (HRL), 2010 WL 1924777, 2010 U.S. Dist. LEXIS 54932, at *6-7 (N.D. Cal. May 12, 2010).

proceed with a non-judicial foreclosure.'" George Hague as Trustee of the Hague Family Irrevocable Trust, 2011 WL 6055759, at *6 (quoting Hafiz v. Greenpoint Mortgage Funding, Inc., 652 F. Supp. 2d 1039, 1043 (N.D. Cal. 2009).

To the extent that Plaintiffs' proposed amended complaint would "rely on claims regarding the securitization of the loan, via REMIC, into a mortgage-backed security, there is no merit to the contention that securitization renders the lender's loan in the property invalid." George Hague as Trustee of the Hague Family Irrevocable Trust, 2011 WL 6055759, at *6 (citing Wadhwa, 2011 WL 2681483 at *4); see also Lane v. Vitek Real Estate Industries Group, 713 F.Supp.2d 1092, 1099 (E.D. Cal. 2010) and In re Macklin, 2011 WL 2015520 at *6 (Bankr. E.D. Cal. May 19, 2011).

Notwithstanding the obstacles described above, Plaintiffs' proposed allegations also fail to set forth a legally cognizable claim. With regards to the defects in the Notice of Default, even if Plaintiffs are correct in their assertion that the Notice of Default was defective,[7] the defect did not render subsequent steps in the foreclosure process void. If the filing of a Notice of Default by NDeX prior to its having been substituted as trustee rendered the sale voidable, the borrower must make a tender of either the whole price or the amount in default. Id.; Abdallah v. United Sav. Bank, 43 Cal. App. 4th 1101, 1109 (1996), cert. denied, 519 U.S. 1031 (1997) (A defaulted borrower is "required to allege tender of the amount of [the lender's] secured indebtedness in order to maintain any cause of action for irregularity in the sale procedure.") Here, Plaintiffs proposed Amended Complaint does not allege tender of repayment or an offer to restore the loan funds they received. See Opp'n to MTD, Exh. A.

Nor does Plaintiffs' proposed Amended Complaint allege that they suffered prejudice as a result of the procedural irregularity. "Courts have rejected claims of deficient notice where no

---

[7] The judicially noticed documents submitted to the court establish that the Notice of Default (Exhibit G) was recorded on July 15, 2010, and is issued by "NDEX West, LLC as Agent for Beneficiary". RJN, Exh. G, at 2. The Substitution of Trustee, (Exhibit H) wherein NDEX is substituted for Golden West Savings Association Services as trustee, is dated August 2, 2010. RJN, Exh. H. It is Defendants' position that because the Notice of Default was recorded by NDeX as "agent for the beneficiary," not as trustee, the action was explicitly authorized by Civil Code § 2924(a)(1) & 2924b(b)(4). Mot. To Expunge *Lis Pendens* at 5.

13
Case No.: 5:10-CV-5422 EJD
ORDER: (1) GRANTING DEFENDANTS' MOTION TO DISMISS WITHOUT LEAVE TO AMEND; AND (2) GRANTING DEFENDANT'S EX PARTE MOTION TO EXPUNGE *LIS PENDENS* AND REQUEST FOR ATTORNEYS' FEES

prejudice was suffered as a result of the procedural irregularity." Pantoja v. Countrywide Home Loans, 640 F.Supp.2d 1177, 1186 (N.D. Cal. 2009) (rejecting claim that notice of default failed to name beneficiary); see also Lehner v. United States, 685 F.2d 1187, 1190-91 (9th Cir. 1982) (upholding a sale where the borrower did not have any written notice because the borrowers actual notice negated any claim of prejudice); Knapp v. Doherty, 123 Cal. App. 4th 76, 93-94 (Ct. App. 2004) (rejecting claim based on deviation from foreclosure notice requirement where "[t]here was no prejudicial procedural irregularity"). Reynoso v. Paul Fin., LLC, 2009 U.S. Dist. LEXIS 106555, *12-13 (N.D. Cal. Nov. 16, 2009) (finding failure to state a claim where Plaintiff did not explain why any of the alleged irregularities caused him harm or suggest that foreclosure would have been averted but for the alleged deficiencies). In this case, Plaintiffs proposed Amended Complaint does not explain why any of the alleged irregularities caused them harm, and does not suggest that the foreclosure would have been averted but for those alleged deficiencies. See Opp'n to Ex Parte Motion to Expunge *Lis Pendens*, Docket Item No. 49, Exh. A. Accordingly, Plaintiffs proposed allegations fail to set forth a cognizable claim.

Given Plaintiffs' failure to plead or propose claims that would not be preempted by HOLA, or state a cognizable legal theory, each state law claim is dismissed without leave to amend. For these reasons as well as those stated above, the entirety of the complaint will be dismissed without leave to amend and the action will be dismissed with prejudice.

### III. EX PARTE MOTION TO EXPUNGE *LIS PENDENS*

Since Plaintiffs' Complaint is dismissed without leave to amend, Plaintiffs lack "probable validity" to maintain a *lis pendens*. The court will therefore order that the *Lis Pendens* be expunged.

Wachovia requests attorneys' fees pursuant to California Code of Civil Procedure § 405.38, which provides: "[t]he court shall direct that the party prevailing on [a motion to expunge *lis pendens*] be awarded reasonable attorneys' fees and costs of making or opposing the motion unless the court finds that the other party acted with substantial justification or that other circumstances make the imposition of attorneys' fees and costs unjust." Plaintiffs raised no opposition to

14
Case No.: 5:10-CV-5422 EJD
ORDER: (1) GRANTING DEFENDANTS' MOTION TO DISMISS WITHOUT LEAVE TO AMEND; AND (2) GRANTING DEFENDANT'S EX PARTE MOTION TO EXPUNGE *LIS PENDENS* AND REQUEST FOR ATTORNEYS' FEES

1   Wachovia's request for attorneys' fees. Docket Item No. 49. Thus, the court does not find that
2   Plaintiffs acted with substantial justification or that other circumstances make the imposition of
3   attorneys' fees and costs unjust.

4   Wachovia requested attorneys' fees in the amount of $1,375.00. In support of this request, Wachovia submitted the declaration of its counsel, Yaw-Jiun (Gene) Wu. See Docket Item No. 42. Mr. Wu stated that his billing rate is $275.00 per hour, and he spent not less than two hours preparing the motion to expunge *lis pendens*. Although Mr. Wu stated in his declaration that he anticipated attending a hearing on the motion and drafting a reply to Plaintiffs' opposition, the court will not grant attorneys' fees based upon speculation about future events. Since Mr. Wu did not submit a supplemental declaration at the time he filed a reply brief on Wachovia's behalf, the court can only base its determination on the hours that Mr. Wu completed. The court therefore GRANTS Wachovia's request for its attorneys' fees incurred in bringing the motion to expunge *lis pendens*, in the amount of $550.00.

### IV. ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

(1) Defendants' Motions to Dismiss are GRANTED, WITHOUT LEAVE TO AMEND;

(2) The action is DISMISSED WITH PREJUDICE;

(3) The Clerk of the Court shall close the file;

(4) The *lis pendens* recorded in the official records of the Santa Clara County Recorder on January 19, 2011 as Document No. 21052958, be and hereby is, EXPUNGED;

(5) The real property affected, located in Santa Clara County, is commonly known as 25701 Deerfield Dr., Los Altos Hills, California 94022 (the "Property") and legally described as:

> Beginning at a point in the Northeasterly lane of that certain 18 21 acre tract of land conveyed by Amelia E. Fitel, et al to Rose W. Shoup, by deed dated January 5, 1905 and recorded January 5, 1905 in Book 287 of Deeds, page 270, said point of beginning being distant along said Northeasterly line N. 77o 46'W. 440.54 feet from the point of intersection of said line with the center line of Fremont Avenue, said point of beginning also being the Northernmost corner of that certain parcel of land conveyed by Leon Carrie, et ux, to Lewis P. Singer, et ux, by deed

15
Case No.: 5:10-CV-5422 EJD
ORDER: (1) GRANTING DEFENDANTS' MOTION TO DISMISS WITHOUT LEAVE TO AMEND; AND (2) GRANTING DEFENDANT'S EX PARTE MOTION TO EXPUNGE *LIS PENDENS* AND REQUEST FOR ATTORNEYS' FEES

recorded July 24, 1944 in Book 1213 of Official Records, page 119; thence along the Northeasterly line of said 18.21 acre tract N. 77o 46' W. 122.92 feet to an iron pipe; thence leaving said line and running S 30o 32' W, 170 27 feet to an iron pipe at the terminus of the center line of a right of way; thence along said center line and parallel with the Northeasterly line of that certain 4,867 acre tract of land conveyed by Franz S. King, et al to Leon Carne, et ux, by deed dated March 3, 1924 and recorded March 24, 1924 in Book 75 of Official Records, page 433, S. 77o 52' E. 123.00 feet to the Westernmost corner of the parcel so conveyed to Singer; thence N. 30o 32' E. along the Northwesterly line of the parcel conveyed to Singer, 170, thence N. 30o 32' E. along the Northwesterly line of the parcel conveyed to Singer, 170 27 feet to the point of beginning, and being a portion of Lot 4, as shown upon that certain Map entitled, "Map of the M & M. Taaffe Subdivision of Lot 4 of the Taaffe Partition in the Rancho La Purissima Concepcion", which map was filed for record in the office of the Recorder of the County of Santa Clara, State of California on July 15, 1897 in Book "I" of Maps, pages 72 and 73.

Exception therefrom, so much thereof described in the deed from Margaret Reynold Colman et al, to County of Santa Clara, dated April 10, 1939, recorded May 5, 1939 in Book 933 of Official Records, page 45 lying with the bounds of Deerfield Road.

AP: 175-26-004

(6) The *lis pendens* is void, pursuant to C.C.P. §405.23; and

(7) Wachovia's request of $550.00 for its attorneys' fees incurred in bringing the motion to expunge *lis pendens* is GRANTED.

**IT IS SO ORDERED.**

Dated:  December 9, 2011

EDWARD J. DAVILA
United States District Judge

16
Case No.: 5:10-CV-5422 EJD
ORDER: (1) GRANTING DEFENDANTS' MOTION TO DISMISS WITHOUT LEAVE TO AMEND; AND (2) GRANTING DEFENDANT'S EX PARTE MOTION TO EXPUNGE *LIS PENDENS* AND REQUEST FOR ATTORNEYS' FEES